**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

MICHAEL R. ROBINSON                                                                                           PLAINTIFF

v.                                       No. 3:09CV00098 JLH/HLJ

ZANE BOYD; DICK BUSBY;
CHRISTOPHER BROWN;
ANGIE BRANSTETTER; and SHAWN HAIR                                            DEFENDANTS

**OPINION AND ORDER**

By order dated July 24, 2009, this Court granted the plaintiff's application to proceed *in forma pauperis* in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding the plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed the plaintiff to amend his complaint. The plaintiff now has filed an amended complaint. For the reasons stated below, the plaintiff's complaint is dismissed for failure to state a claim.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), this Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). When a plaintiff files a complaint *pro se*, the court must give the complaint the benefit of a liberal

construction. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The court also must weigh all factual allegations in favor of the plaintiff. *Twombly*, 550 U.S. at 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

Although the Court considers the plaintiff's factual allegations to be true, the plaintiff in this case fails to state a valid claim under Section 1983. To state a valid claim for relief under Section 1983, the plaintiff must (1) allege the violation of a right secured by the Constitution and laws of the United States and (2) show that the alleged deprivation was committed by a person acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970). In other words, the plaintiff must allege that a person acting under the color of state law deprived the plaintiff of some constitutional right. *Griffin-El v. MCI Telecomms. Corp.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).

In his original complaint, the plaintiff, an inmate at the Crittenden County Detention Center ("Jail"), named several individuals as defendants in the caption but failed to include specific allegations against most of those individuals in his complaint. In the Court's July 24, 2009 order, the Court directed the plaintiff to state his allegations more clearly by including the name of each individual personally involved, how that individual was involved, and how that individual violated the plaintiff's constitutional rights.

According to the plaintiff's original and amended complaints, the following defendants violated his constitutional rights in the following ways:

1) Zane Boyd, the Jail's administrator, did not respond to the plaintiff's written requests for law books.

2) Dick Busby, the sheriff of Crittenden County, did not respond to the plaintiff's letters

alleging that one of his police officers made false allegations against the plaintiff in court.

3) Christopher Brown, a police officer with the West Memphis Police Department, falsely stated in court that the plaintiff threatened harm against Brown and Judge Pal Rainey.

4) Angie Branstetter, a secretary at the Jail, waited several months before responding to the plaintiff's letters concerning his court-appointed attorney.

5) Shawn Hair, the plaintiff's court-appointed attorney, failed to properly represent the plaintiff in his state court case.

Initially, the Court notes that the plaintiff's allegations against defendants Boyd and Branstetter fail to state a claim for relief because the defendants' actions did not result in an injury to the plaintiff.. An inmate alleging a denial of his right of access to the courts must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S. Ct. 2174, 2179-80, 135 L. Ed. 2d 606 (1996). This injury cannot be established by alleging that the prison law library or legal assistance program "is subpar in some theoretical sense." *Id.* at 351. Rather, the plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* In this case, the plaintiff alleges in his complaint that defendants Boyd and Branstetter have denied his constitutional right of access to the courts by impeding his access to a law library and to his court-appointed attorney. He does not allege, however, that the defendants' failure to respond to his requests resulted in any particular injury to the plaintiff, such as causing him to miss a court-imposed deadline. Therefore, the Court finds that the plaintiff's allegations against defendants Boyd and Branstetter should be dismissed for failure to state a claim.

Likewise, the plaintiff's allegations against defendant Busby must be dismissed because the plaintiff does not allege facts sufficient to hold a supervisor liable under Section 1983. In Section

1983 actions, supervisory liability is limited.  A supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions.  *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989), *cert. denied*, 493 U.S. 993, 110 S. Ct. 542, 107 L. Ed. 2d 539 (1989).  Rather, "a cause of action predicated on a supervisor's failure to supervise or control his subordinates may be maintained only if a defendant demonstrated deliberate indifference or tacit authorization of the offensive acts." *Id.*  The plaintiff essentially alleges that Busby failed to properly supervise one of his employees.  However, the plaintiff does not make any factual allegations to suggest that Busby acted with deliberate indifference or tacitly authorized one of his police officers to make false allegations against the plaintiff.  Consequently, the plaintiff fails to state a valid Section 1983 claim against Busby.

The plaintiff's claim against defendant Brown, based on his testimony in the plaintiff's state court case, should also be dismissed since Brown is immune from suit.  The Supreme Court has held that Section 1983 does not impose liability on police officers who testify in court.  *Briscoe v. LaHue*, 460 U.S. 325, 335-36, 103 S. Ct. 1108, 1115-16, 75 L. Ed. 2d 96 (1983) ("Nothing in the language of the statute suggests that [government witnesses] belong[] in a narrow, special category lacking protection against damages suits.").  Rather, "officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005) (finding a social worker who testified as a witness in court was absolutely immune from suit under Section 1983).  Such duties include testifying in a judicial proceeding.  *See Davis v. City of Charleston, Mo.*, 827 F.2d 317, 322 (8th Cir. 1987) ("[S]ection 1983 does not authorize a convicted criminal to assert a claim for damages against

4

a police officer for giving perjured testimony at his or her criminal trial.") The plaintiff in this case alleges that Brown gave perjured testimony in court. Based on the case law, this allegation alone does not give rise to a claim under Section 1983.

Finally, the plaintiff's claim against defendant Hair, his court-appointed attorney, should be dismissed since the plaintiff fails to establish state action on the part of the defendant. To state a valid claim under Section 1983, the plaintiff must show that the wrongful conduct at issue was committed by a person acting under color of state law. *Adickes*, 398 U.S. at 150. Generally, a defendant who acts under color of state law is a state official or employee. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 49-51, 108 S. Ct. 2250, 2255-56, 101 L. Ed. 2d 40 (1988). A public defender retains all of the essential attributes of a private attorney, including his or her professional independence, and differs substantially from the typical government employee or state actor. *West*, 487 U.S. at 50. As a result, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L. Ed. 2d 509 (1981); *see also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988).

For the reasons outlined above, the plaintiff's complaint against the defendants is hereby DISMISSED for failure to state a claim under Section 1983. Furthermore, this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1]

---

[1] The PLRA provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO ORDERED this 11th day of September, 2009.

                                                       _____
                                                       J. LEON HOLMES
                                                       UNITED STATES DISTRICT JUDGE